The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before the deputy commissioner. The appealing party has shown good ground to reconsider the evidence. The Full Commission REVERSES the Opinion and Award of the deputy commissioner and enters the following Opinion and Award.
* * * * * * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing and in the Form 21 Agreement as
STIPULATIONS
The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
On 16 July 1992 plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant.
At such time defendant employer was self-insured.
At such time plaintiff's average weekly wage was $322.04, resulting in a compensation rate of $214.70.
Industrial Commission Forms 19, 21, and 28B are received into evidence.
* * * * * * * * * * * * * *
The Full Commission rejects the findings of fact of the deputy commissioner and finds as follows:
FINDINGS OF FACT
Plaintiff was employed with defendant-employer as a labor crew leader in the landscape services department. In that position plaintiff worked with and supervised a crew of from two to eight laborers maintaining the grounds of an assigned area. Some of their duties included picking up trash, emptying trash cans, cutting grass, weeding, and planting. Because plaintiff had reached the classification of crew leader, his responsibilities tended to be more supervisory in nature.
On 16 July 1992, plaintiff sustained an admittedly compensable injury by accident arising out of and in the course of his employment with defendant when, as he was walking to the office, a dump truck backed into him and pinned him under the truck. As a result of this injury by accident plaintiff sustained a low back injury.
Plaintiff's first visit with Dr. Mitchell Freedman, a neurologist, was on 21 August 1992. Dr. Freedman followed a conservative course of treatment for plaintiff's complaints of hip, back and right flank pain, and numbness in his right leg.
By 15 January 1993 plaintiff had reached maximum medical improvement and was released by Dr. Freemen to return to work. Dr. Freedman rated plaintiff with a five percent (5%) permanent partial impairment to his back.
Plaintiff visited Dr. Michael Gwinn on 4 February 1993 for a second opinion. Dr. Gwinn also cleared plaintiff to return to work and rated plaintiff with a five percent (5%) permanent partial impairment to the back. He instructed plaintiff not to lift more than 45 lbs. and to avoid repetitive bending and twisting.
On 29 April 1993, Dr. Gwinn wrote to defendant's workers' compensation coordinator describing the tasks plaintiff could perform within his restrictions. Dr. Gwinn noted that plaintiff could supervise personnel, perform sanitation and maintenance tasks, and plant shrubs and flowers. He advised that plaintiff could lift up to fifty pounds using the proper lifting technique. He cautioned against repetitive bending and twisting of the type seen in assembly line work, but noted that occasional bending was acceptable.
Defendant accepted liability for plaintiff's 16 July 1992 injury by accident and, pursuant to an approved form agreement, paid plaintiff temporary total disability compensation for all periods of time he was unable to earn wages from the date of his accident until 17 May 1993.
On 17 May 1993 plaintiff returned to work with defendant. Plaintiff participated in safety training during his first week back to work, and he was able to remain at work that week without incident. Plaintiff's safety training consisted of reading manuals supplied by defendant about safety practices. He did not engage in any physical labor during this week.
On 18 May 1993, defendant forwarded Industrial Commission Form 28, Return to Work Report and Industrial Commission Form 28B, Report of Compensation and Medical Paid to the Commission. Defendant terminated plaintiff's disability compensation as of 17 May 1993.
On 24 May 1993, plaintiff was assigned to maintain the grounds at E.S. King Village, a thirty-to-forty acre site. Plaintiff's responsibilities included sanitation, mowing, edging, weeding, and other tasks as needed to keep the grounds maintained. Plaintiff was assigned to work alone at this site and did not have a crew to supervise. He was told by Horace Blue, his supervisor at this site, that if he needed help he would be rotated and given assistance.
Shortly after beginning work at E.S. King Village, plaintiff complained to Mr. Blue that his back and legs were aching. Mr. Blue immediately told plaintiff to stop working and took plaintiff to his supervisor, Bill Mangum. Mr. Mangum advised plaintiff to seek medical attention and not to return without a note from his physician.
Thereafter plaintiff went to Dr. Stephen C. Boone, a neurosurgeon on 27 May 1993. Dr. Boone examined plaintiff's previous test results and noted what he thought could be a small disc herniation at the L3-4 level. Subsequent tests confirmed the presence of the herniated disc. On 28 October 1993 Dr. Boone recommended surgery due to plaintiff's continued complaints of back and leg pain. Throughout the time plaintiff treated with Dr. Boone, plaintiff submitted medical notes from Dr. Boone indicating that he should engage in light duty work only. Plaintiff's last visit with Dr. Boone was 28 October 1993.
Plaintiff has not worked for defendant since 24 May 1993. Plaintiff was informed that he was terminated from his job in a letter written by Ms. Zucchino dated 10 November 1993. Plaintiff was terminated because he was unavailable to perform his job duties and because he had exhausted his accumulated leave time. In a letter dated 27 October 1993, Ms. Zucchino noted that landscape services did not have light duty jobs.
Plaintiff completed an application requesting to be transferred to a light duty job at defendant's personnel office. Other than being encouraged by Ms. Zucchino to complete an application at the personnel office, defendant did not attempt to place plaintiff in any other position compatible to his medical restrictions. Defendant has not offered plaintiff any vocational assistance to find employment suitable to his medical restrictions.
Plaintiff did not refuse to perform light duty work after he returned to work on 24 May 1993.
Ms. Zucchino testified that as employees raise in rank in the labor classification the positions require less physical labor. When plaintiff returned to work, however, defendant assigned him to a position responsible for maintaining a thirty-to-forty acre site without the assistance of a crew. While Ms. Zucchino maintained that she was attempting to find a position for plaintiff that would enable him to keep his crew leader classification, plaintiff was actually placed in a position that required more, not less physical labor than he had engaged in prior to his injury by accident.
As a result of his 16 July 1992 admittedly compensable injury by accident plaintiff has been unable to earn wages in his former employment or any other employment from 17 July 1992 through 17 May 1993 and from 24 May 1993 through the date of the hearing and continuing.
The treatment provided to plaintiff by Dr. Boone was reasonably necessary to effect a cure, give relief and to lessen plaintiff's period of disability and is hereby authorized.
* * * * * * * * * * * * * *
Based on the foregoing stipulations and findings of fact, the Full Commission makes the following
CONCLUSIONS OF LAW
On 16 July 1992 plaintiff sustained an admittedly compensable injury by accident to his back arising out of and in the course of his employment with defendant and thus became disabled. Disability is presumed to continue until the employee returns to work at wages equal to those he was receiving at the time of his injury. N.C. Gen. Stat. § 97-2(6), Watson v. Winston-Salem TransitAuthority, 92 N.C. App. 473, 374 S.E.2d 483 (1988).
Plaintiff's return to work effort was unsuccessful.
Plaintiff did not unjustifiably refuse to accept employment suitable to his capacity when he informed Mr. Blue that he was in pain upon his return to physical work. Defendant told plaintiff to leave his work and not to return to work until he was cleared by his doctor. Thereafter, plaintiff complied with this request until he was terminated by defendant. N.C. Gen. Stat. § 97-32.
In addition to the temporary total disability compensation already paid, plaintiff is entitled to temporary total disability compensation benefits at the rate of $214.70 per week from 24 May 1993 through the date of the hearing and continuing until further Order from the Commission. N.C. Gen. Stat. § 97-29.
Plaintiff is entitled to payment by defendant of all medical expenses incurred or to be incurred as a result of his injury by accident for so long as such medical treatment is reasonably required to effect a cure, provide relief and/or would tend to lessen his disability.
* * * * * * * * * * * * * *
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission enters the following
AWARD
Subject to counsel fees, defendant shall pay plaintiff in one lump sum, uncommuted, temporary total disability compensation at the rate of $214.70 per week from 24 May 1993 through the date of hearing and continuing until further Order of the Industrial Commission.
Defendant shall pay all medical expenses incurred or to be incurred by plaintiff as a result of his injury by accident when bills for same have been submitted and approved through procedures adopted by the Industrial Commission.
A reasonable attorney's fee of twenty-five percent (25%) of the accrued compensation due plaintiff herein is approved for plaintiff's counsel and thereafter, plaintiff counsel shall receive every fourth check. Said attorney's fee shall be paid directly to plaintiff's counsel.
Defendant shall pay the costs due this Commission.
 S/ _______________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ _______________________ THOMAS J. BOLCH COMMISSIONER
S/ _______________________ COY M. VANCE COMMISSIONER
BSB:be